Filed 8/31/21  In re Rafael R. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re RAFAEL R., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>RAFAEL R.,<br><br>        Defendant and Appellant. | A159502<br><br>(Contra Costa County<br>Super. Ct. No. J19-00774) |

Following appellant's plea of no contest to felony grand theft and misdemeanor brandishing a weapon, the juvenile court adjudged him a ward of the court with no termination date and released him to live with his mother on supervised probation with various terms and conditions.  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Because this case was resolved by plea, we briefly summarize the facts from the probation report.

On August 1, 2019, the victim drove from Richmond to Fairfield to sell his gaming computer for $1,200 after listing it on the OfferUp application. The victim met with M.R., who only showed him $2.  M.R. instructed the victim to wait for M.R.'s friend because he had the money.  While waiting for

M.R.'s friend, as M.R. was texting someone, the victim noticed appellant pacing and waiting near the southeast area of a park. Appellant then approached the victim and M.R., tapped M.R. on the shoulder as a signal, and pointed a gun only at the victim. The gun did not appear to be real, but the victim did not want to risk his life for $1,200. Appellant took the victim's computer and phone; however, he did not take M.R.'s phone. As appellant fled eastbound, M.R. called 911 for the victim.

Further investigation revealed that the OfferUp account was registered to the account of "raffaael" and was connected to a telephone number listed as belonging to appellant.

A delinquency petition (Welf. & Inst., § 602, subd. (a)) filed on August 22, 2019 alleged appellant committed second degree robbery (Pen. Code, § 211/212.5, subd. (c); count one) and used a deadly or dangerous weapon, a pellet gun (*id.*, § 12022, subd. (b)(1)).

Less than a month later, appellant filed a motion to suppress evidence pursuant to Welfare and Institutions Code section 700.1, seeking to suppress the cell phone that was taken from him while a law enforcement officer was interviewing him at school. He also sought to suppress the statement he made to the officer. The following day, pursuant to the prosecutor's motion, the juvenile court struck the enhancement allegation. Appellant then filed another motion to suppress and traverse the warrant, alleging the officer misled the magistrate in drafting the warrant.

In November 2019, the court held a hearing on the motion to quash and traverse search warrants executed at appellant's mother's and father's residences.[1] Defense counsel argued that although the victim told law enforcement the gun appeared to be fake, the search warrant affiant

---

[1] The contested jurisdiction hearing was continued.

intentionally or recklessly omitted this information, instead describing the weapon as a black semiautomatic firearm. Finding this omission was not material, the court denied the motion.

At the commencement of a contested jurisdiction hearing on December 9, 2019, the prosecutor amended the petition to allege felony grand theft from a person (Pen. Code, § 487, subd. (c); count two) and misdemeanor brandishing a weapon other than a firearm (*id.*, § 417, subd. (a)(1); count three) and dismissed count one. Appellant pled no contest to the amended petition for an indicated maximum exposure of three years two months.

A disposition hearing was held in January 2020. The court adjudged appellant an indefinite ward of the court, set a review hearing for the end of 2020, and released him to live with his mother on supervised probation with various terms of probation.

## DISCUSSION

Appellant's counsel has filed a brief setting forth the facts of the case but advising the court under the authority of *People v. Wende* (1979) 25 Cal.3d 436, no issues were found to argue on appellant's behalf. Counsel also apprised us in his declaration that he has notified appellant he can file a supplemental brief with this court. No supplemental brief has been received.

Pursuant to *People v. Kelly* (2006) 40 Cal.4th 106, we have independently examined the record to determine if any arguable issue is present. We have found none.

A minor's no contest plea to a crime punishable as a felony has the same effect as an admission or guilty plea. (*Ricki J. v. Superior Court* (2005) 128 Cal.App.4th 783, 791–792; *In re Troy Z.* (1992) 3 Cal.4th 1170, 1181 ["A plea of 'no contest' or an 'admission' [citation] is the juvenile court equivalent of a plea of 'nolo contendere' or 'guilty' in criminal courts."].) Here, when

3

appellant entered an admission as part of a negotiated plea agreement and did not later seek to withdraw that plea, he forfeited the right to attack the terms of the bargain on appeal, including any challenge to the sufficiency of the evidence. (*In re M.V.* (2014) 225 Cal.App.4th 1495, 1519.)

The juvenile court's denial of appellant's motion to quash and traverse the search warrant was not error because the affiant's failure to indicate that the victim thought the gun appeared to be fake was not material to an assessment of probable cause to issue the warrant.

Lastly, defendant was ably represented by counsel throughout the proceedings, including the motion to suppress and sentencing hearing.

Having undertaken an examination of the entire record, we find no arguable error or issue that would result in a disposition more favorable to appellant. We therefore agree with appellant's counsel that no issues are present undermining appellant's admission or the disposition.

Accordingly, the dispositional order is affirmed.

MARGULIES, ACTING P. J.

WE CONCUR:

BANKE, J.

SANCHEZ, J.

A159502
*In re Rafael R.*